SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AIELLO, Plaintiff,<br><br>          Plaintiff,<br><br>          v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a corporation.; and DOES 1-10,<br><br>          Defendants. | Case No.<br><br>[Monterey County Sup. Ct. Case No. 23CV004128]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Monterey, to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. Section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1.  On or about December 21, 2023, Plaintiff Diana Aiello ("Plaintiff") filed a Complaint against Wells Fargo in the Superior Court of the State of California, County of Monterey, Case No. 23CV004128 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.  The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Wells Fargo.  Specifically, Plaintiff brings claims for (1) age discrimination, (2) wrongful termination in violation of public policy, (3) intentional infliction of emotional distress, and (4) violation of civil rights.

## TIMELINESS OF REMOVAL

3.  On or about January 4, 2024, Plaintiff served Wells Fargo with a Summons and copy of the Complaint by mailing a Notice and Acknowledgement of Receipt on its registered agent for service of process.  A true and correct copy of the Notice of Acknowledgment of Receipt is attached hereto as **Exhibit B**.

4.  On or about January 18, 2024, counsel for Wells Fargo signed and mailed back the Notice and Acknowledgement of Receipt on behalf of Wells

DEFENDANT'S NOTICE OF REMOVAL

Fargo.  A true and correct copy of the signed Notice of Acknowledgment of
Receive is attached hereto as **Exhibit C**.

5.     On January 19, 2024, Wells Fargo answered the Complaint in state
court.  A true and correct copy of the Answer is attached hereto as **Exhibit D**.

6.     This Notice of Removal is timely as it is filed within thirty (30) days
of the first receipt by a defendant of a copy of a paper (in this case, the Complaint)
that revealed this case was properly removable.  28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. SECTION 1332(a)

7.     **Plaintiff's Citizenship:**  Plaintiff is, and at all times since the
commencement of this action has been, a citizen and resident of the State of
California.  To establish citizenship for diversity purposes, a natural person must
be both (a) a citizen of the United States and (b) a domiciliary of one particular
state.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).
Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v.
Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff has always been a citizen of
California.[1]  Specifically, Plaintiff owns a primary residence in California, has a
registered motor vehicle with California, has a California Driver's License, is
registered to vote in California, and pays taxes in California.  Plaintiff therefore is,
or was at the institution of this civil action, a citizen of California.

8.     **Wells Fargo's Citizenship:** Wells Fargo is not a citizen of California.
Pursuant to 28 U.S.C. section 1348, Wells Fargo Bank, N.A., as a national banking
association, is a citizen of the state where its main office is "located."  As held by
the Ninth Circuit, Wells Fargo Bank, N.A., with its main office located in Sioux
Falls, South Dakota, is a citizen of South Dakota.  *See Rouse v. Wachovia
Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a

---

[1]     Complaint ¶ 3 ("Plaintiff was and now is a resident of Monterey County,
California.").

citizen only of South Dakota, where its main office is located"). Accordingly, Wells Fargo Bank, N.A. is only a citizen of South Dakota and not California for diversity purposes. Thus, complete diversity exists here.

9. **Doe Defendants:** Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. sections 1332(a).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Wells Fargo is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Further, a removing defendant need not set forth evidence establishing the amount in its notice of removal. *See Dart Cherokee*, 135 S.Ct. at 554; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"), *citing Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Wells Fargo can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount

1  placed in controversy by Plaintiff exceeds the jurisdictional minimum.  *Singer*, 116

2  F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.  In other words, the District

3  Court may consider whether it is facially apparent from the Complaint that the

4  jurisdictional amount is in controversy.  *Id*.

5       12.    The amount in controversy for purposes of diversity jurisdiction is the

6  total "amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown*

7  *& Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  Moreover, "the amount in controversy

8  is simply an *estimate* of the total amount in dispute, not a prospective assessment

9  of defendant's liability."  *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th

10  Cir. 2010) (emphasis added).  "In assessing the estimated amount in controversy, a

11  court must assume that the allegations of the complaint are true and assume that a

12  jury will return a verdict for the plaintiff on all claims made in the complaint."

13  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL

14  898468, at *3 (C.D. Cal. Mar. 3, 2015).

15       13.    **Alleged Lost Wages:**  Plaintiff alleges that as a result of Wells

16  Fargo's conduct, she is entitled to recover her lost wages since her discharge.[2]  At

17  the time of Plaintiff's discharge, Plaintiff earned approximately $80,000 per year

18  as a Branch Manager.  She pleads that her employment ended on June 2, 2023.[3]

19  Assuming it takes approximately one year by the time this matter is resolved by

20  trial, Plaintiff's claimed lost earnings will exceed $120,000 at the time of trial.

21  Plaintiff could also recover front pay which could easily exceed another $120,000

22  that could be awarded by the jury if Plaintiff were to prevail at trial.  Simply, these

23  figures alone exceed $75,000 and therefore the amount in controversy is easily

24  met.  *See Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018)

25  (finding that the amount in controversy "easily exceeds" $75,000 when the

26

27  [2]    *See* Complaint generally and prayer for relief.

28  [3]    Complaint, ¶ 24.

1  plaintiff's salary was $39,000 per year and she would have continued working if
2  she had not been terminated).

3      14.    **Emotional Distress Damages**:  In addition, Plaintiff alleges that, as a
4  result of Wells Fargo's alleged conduct toward her, she is entitled to emotional
5  distress damages.[4]  The emotional distress component of Plaintiff's alleged
6  damages must be considered in determining whether the amount in controversy
7  requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976,
8  980 (9th Cir. 2005).  Further, a defendant may use damage awards in other cases to
9  establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR*
10  *Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Juries in California have
11  awarded well in excess of $75,000 for emotional distress damages in an
12  employment case like this one.  *See, e.g.*, *Wang v. Reese Scientific Corp.*, San
13  Francisco Superior Court Case No. CGC-13-528233 (awarding plaintiff $166,302
14  for emotional distress damages on claims including discrimination and wrongful
15  termination); *Stallworth v. City of L.A.*, Los Angeles Superior Court Case No.
16  BC341480 (awarding $100,000 in emotional distress damages on discrimination
17  and retaliation claims).  Thus, if Plaintiff is able to prove her claims at trial, it is
18  reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of
19  $75,000 for emotional distress damages.  Accordingly, the amount in controversy
20  here exceeds $75,000.

21      15.    **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled
22  to recover attorneys' fees.[5]  A prevailing party on FEHA claims may be awarded
23  attorneys' fees.  Cal. Gov't Code §12965(b).  Requests for attorneys' fees should
24  be taken into account in ascertaining the amount in controversy.  *See Galt G/S v.*
25  *JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees

26  _____

27  [4]      *See* Complaint generally and prayer for relief.

28  [5]      *See* Complaint generally and prayer for relief.

are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit has clarified that this must include all attorney's fees ***likely to be incurred through trial of an action***.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.  Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect.").  One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 – 300 hours.  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015).  Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000.  *Id.*  If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

16.     **Punitive Damages:**  The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[6]  Punitive damages should be considered when determining the amount in controversy.  *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").  A conservative estimate for a potential punitive damages recovery is $50,000.

17.     Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

---

[6]     *See* Complaint generally and prayer for relief.

**VENUE**

18.     Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of Monterey.

**NOTICE OF REMOVAL**

19.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Monterey.

20.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as the following exhibits, including the Complaint (**Exhibit A**), Notice and Acknowledgement of Receipt documents (**Exhibits B and C**), and Answer to the Complaint (**Exhibit D**).

**WHEREFORE**, Wells Fargo requests that the above action pending before the Superior Court of the State of California for the County of Monterey be removed to the United States District Court for the Northern District of California.

Dated:  January 25, 2024          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By                         /s/ Paul Berkowitz
                            PAUL BERKOWITZ
                         Attorneys for Defendant
                      WELLS FARGO BANK, N.A.